UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PINK PALM PUFF LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| GLIZM ECOMMERCE LIMITED; | ) | |
| OLIVER CZIRJAK; RAYS APPAREL CO; | ) | JURY TRIAL DEMANDED |
| D/B/A SHOP CELEBS WEAR AND | ) | |
| JACKETS JUNCTION; | ) | |
| THE JACKETARS LTD; | ) | |
| ABIDA KHATOON, JACKET FEVER; | ) | |
| JOHN DOES 1-50; AND | ) | |
| XYZ COMPANIES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff Pink Palm Puff Ltd. ("Plaintiff" or "Pink Palm Puff") files this Complaint for Injunction and Damages ("Complaint") against Defendants Glizm Ecommerce Limited, Oliver Czirjak, Rays Apparel CO d/b/a Shop Celebs Wear and Jackets Junction, The Jacketars Ltd, Abida Khatoon, Jacket Fever, John Does 1-50, and XYZ Companies 1-50 (collectively, "Defendants") and shows as follows:

1.      This is an action for copyright infringement and copyright counterfeiting, trademark infringement, false designation of origin, false advertising, dilution, unfair competition, unjust enrichment, tortious interference with business relations, and false and deceptive trade practices under the laws of the State of Georgia.

1

2.    As detailed herein, Defendants are willfully trafficking in counterfeit versions of Plaintiff's well-known and federally protected clothing designs and trademarks and unlawfully exploiting the reputation and goodwill that Plaintiff has built in its famous trademarks and copyrighted works. By manufacturing, marketing, and selling imitation products that are substantially indistinguishable from Plaintiff's genuine merchandise, Defendants deceive consumers, dilute the distinctiveness of Plaintiff's brand, and cause significant and irreparable harm to Plaintiff's intellectual property rights.

## PARTIES, JURISDICTION, AND VENUE

3.    Plaintiff Pink Palm Puff Ltd. is a Canadian corporation with its principal place of business at 837 Dovercourt Rd., Toronto, Ontario M6H 2X4.

4.    Defendant Rays Apparel CO d/b/a Shop Celebs Wear and Jackets Junction ("Rays Apparel") identifies its business addresses as: 341 W Kathleen Drive, Des Plaines, IL  60016, 12829 Chittamwood Trl, Euless, TX, and at an undisclosed location in Wantagh, New York, 11793. The company uses the following email addresses: jacketsenterprises@gmail.com, care@jacketsjunction.com, and care@shopcelebswear.com to conduct business and engage in the unlawful activities detailed herein. Despite a diligent search, Plaintiff was unable to locate where Rays Apparel is registered to do business and third-party discovery is needed to identify the parties involved in this enterprise. Rays Apparel

owns and operates the following websites: www.shopcelebswear.com and www.jacketsjunction.com and uses these websites to conduct the unlawful activities described herein.

5.     Defendant Glizm Ecommerce Limited ("Glizm") is a company located at Room 5003, 5/F, Yau Lee Centre, 45 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong with telephone number 36309639170 and email addresses: contact@glizm.com and glizmshop@gmail.com. Glizm uses Shopify as its e-commerce platform. Glizm owns and operates glizm.com and uses this website to conduct the unlawful activities described herein.

6.     Oliver Czirjak ("Czirjak") is the owner and/or director of Glizm and is personally engaged in and facilitated the improper and infringing conduct described herein. Upon information and belief, Czirjak uses the following email address: glizmshop@gmail.com.

7.     Upon information and belief, at all times relevant hereto, Czirjak and Glizm have failed to observe the corporate formalities required by law, have acted as a single entity, and have shared resources and corporate infrastructure, including, but not limited to computer services, employees, and office space. Accordingly, under applicable legal theories—including the doctrine of piercing the corporate veil—Czirjak and Glizm may each be held liable for the acts and omissions of the other.

3

8.     Defendant The Jacketars Ltd ("Jacketars") is a company located at 306 Gargash Centre Al Sabkha Rd, Dubai UAE with telephone number +97154 326 2215 and email address info@jacketars.com. Jacketars uses PayPal user name Saqibbora to conduct business. Jacketars owns and operates the www.jacketars.com and uses this website to conduct the unlawful activities described herein.

9.     Upon information and belief, Defendant Abida Khatoon ("Khatoon") is the owner and/or director of Jacketars, resides at 20 Ringwood Gardens, London, E14 9 WY, and is personally engaged in and facilitated the improper and infringing conduct described herein. Upon information and belief, Khatoon uses email address info@jacketars.com.

10.     Upon information and belief, at all times relevant hereto, Khatoon and Jacketars have failed to observe the corporate formalities required by law, have acted as a single entity, and have shared resources and corporate infrastructure, including, but not limited to computer services, employees, and office space. Accordingly, under applicable legal theories—including the doctrine of piercing the corporate veil—Khatoon and Jacketars may each be held liable for the acts and omissions of the other.

11.     Defendant Jacket Fever identifies the following contact information on its website: 221 W 9th St PMB 150, Wilmington, Delaware 19801, telephone number +13023093839, and email address info@jacketfever.com. Jacket Fever owns and

operates www.jacketfever.com and uses this website to conduct the unlawful activities described herein.

12.     Several websites identify Nancy Wheeler ("Wheeler") as affiliated with Jacket Fever; however, this name appears to be an alias. Notwithstanding, these websites identify her telephone number as 518-412-2432 and email as nancywheelerr980@gmail.com. Despite a diligent search, Plaintiff was unable to locate where Jacket Fever is registered to do business and third-party discovery is needed to identify the parties involved in this enterprise.

13.     John Does 1-50 are persons whose identities are not yet known and who acted in relation to and/or in concert with the specifically identified Defendants to produce the damages described herein.

14.     XYZ Companies 1-50 are entities whose identities are not yet known and who acted in relation to and/or in concert with the specifically identified Defendants to produce the damages described herein.

15.     Each Defendant is the partner, joint venturer, accomplice, agent, and alter ego of each of the other Defendants.

16.     Each Defendant is likewise liable in relation to the illegal activities described herein on the basis of that Defendant's material participation in the illegal activities.

17.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§1331, 1332,

and 1338 because Plaintiff's claims for violation of the United States Trademark Act, Title 15 of the United States Code, and the Copyright Act, Title 17 of the United States Code, arise under federal law, and because diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of costs, fees, and interest. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

18.    Defendants are subject to the personal jurisdiction of this Court because they regularly transact business in Georgia and/or committed tortious acts in Georgia. Defendants are also subject to jurisdiction pursuant to, among other sources, the Georgia Long-Arm Statute (O.C.G.A. § 9-10-91) and the principles set forth in *Calder v. Jones,* 465 U.S. 783 (1984).

19.    Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

20.    Plaintiff is a luxury apparel company that focuses on high-quality hoodies, sweatpants, pajamas, bathing suits, slippers, and tote bags.

21.    Due to its high quality and innovative marketing strategy, Plaintiff has amassed a significant customer base. For example, Plaintiff's TikTok

account (https://www.tiktok.com/@pinkpalmpuff) has over 890,000 followers and over 14.9 million likes. Plaintiff's Instagram account (https://www.instagram.com/pinkpalmpuff) has over 616,000 followers. Plaintiff's YouTube account has over 709,000 subscribers and over 900 videos.

22.    Plaintiff has sold its products in every state in the United States and every province in Canada. Plaintiff also sells its products in Australia, New Zealand, and the United Kingdom.

23.    In 2024, Plaintiff received the prestigious 2024 Global Recognition Award. Global Recognition Awards™ is an international organization that recognizes exceptional companies and individuals who have significantly contributed to their industry. Its awards are highly regarded and sought after by businesses across the globe.

24.    Plaintiff's products are only sold through its websites www.pinkpalmpuff.com and www.pinkpalmpuff.ca. Plaintiff does not sell or permit others to sell its products on any other site.

25.    Plaintiff is the owner of the following standard character marks: PINK PALM PUFF™, PPP™, PINK PALM PAJAMAS™, and EVERYTHING COMES IN WAVES™. Plaintiff is also the owner of the following stylized design marks:

    

Copies of Plaintiff's trademark registrations and pending applications are attached hereto as **Composite Exhibit A**. The aforementioned trademarks will collectively be referred to as "Plaintiff's Trademarks" or "Marks."

26.    Plaintiff is also the owner of U.S. Copyright Registration No. VA 2-419-433 for its Everything Comes in Waves design. A representative example of the design on Plaintiff's apparel is available here: https://pinkpalmpuff.com/products/everything-comes-in-waves-oversized-hoodie-in-blue.

27.    Plaintiff is also the owner of U.S. Copyright Registration No. VA 2-419-436 for its To Live for the Hope if it All design. A representative example of the design on Plaintiff's apparel is available here: https://pinkpalmpuff.com/products/to-live-for-the-hope-if-it-all-oversized-hoodie-in-grey-coming-march-23rd?variant=47731695845670.

28.    Plaintiff is also the owner of U.S. Copyright Registration No. VA 2-430-726 for its Hibiscus design. A representative example of the design on Plaintiff's apparel is available here: https://pinkpalmpuff.com/products/hawaii-hibiscus-oversized-hoodie-in-heather-cloud. Copies of Plaintiff's copyright registrations are attached hereto as **Composite Exhibit B**. U.S. Copyright Registration Nos. VA 2-419-433, VA 2-419-436 and VA 2-430-726 shall

collectively be referred to as Plaintiff's "Copyrighted Works."

29.    Plaintiff's Copyrighted Works are original works of authorship and Plaintiff is the sole owner of the copyrights in and to the Copyrighted Works.

30.    As the result of the high quality of Plaintiff's products and the sales, promotion and advertising thereof, the Marks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff. Plaintiff's Marks are well known and established to customers and the trade as symbols identifying Plaintiff's products and signifying distinctive products of high quality. Only Plaintiff and its authorized agents are permitted to use the Marks. The Marks are valid, protectable, famous, have acquired secondary meaning, and are associated exclusively with Plaintiff.

31.    Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used, reproduced and/or copied at least one of the Marks   and Copyrighted Works in connection with their manufacturing, distributing, exporting, importing, advertising, offering for sale, and selling of their infringing and/or counterfeit products in interstate, intrastate and international commerce, including commerce in the State of Georgia and in this judicial district.

32.    Defendants are not and have never been authorized Pink Palm Puff

distributors nor have they been authorized to use the Marks or Copyrighted Works. Defendants use of the Marks and Copyrighted Works began after Plaintiff first began using the Marks and Copyrighted Works and after Plaintiff obtained protectable rights in and to the Marks and Copyrighted Works.

33.    Defendants are knowingly and willfully engaged in an illegal enterprise that unlawfully traffics in and resells counterfeit Pink Palm Puff apparel and accessories. Defendants have purchased and sold large quantities of counterfeit and infringing products through various co-conspirators. While the complete extent of Defendants' activities is not yet known, Defendants are actively involved in several integral components of the conspiracy. Some of those components are discussed below.

34.    Defendants have been and are offering for sale and selling counterfeit clothing bearing at least one of the Marks (hereinafter, the "Infringing Products"). Attached as **Composite Exhibit C** are examples of Defendants' Infringing Products and counterfeit listing. *See also* https://www.jacketfever.com/product/pink-palm-puff-hawaii-hibiscus-heather-cloud-hoodie;

https://www.shopcelebswear.com/?s=pink+palm+puff&post_type=product;

https://www.pinterest.com/pin/581668108155412823/;

https://www.jacketars.com/product/pink-palm-puff-hoodie/;

https://www.jacketsjunction.com/product/pink-palm-puff-live-in-the-moment-

hoodie/?srsltid=AfmBOorJ6nYbyA1JxoloQpyE2a2Vge8hDaHpmuqwlodRkz90Rz
zcoAGm.

35.     Defendants ship their Infringing Products into this District. Attached
as **Composite Exhibit D** are representative examples of Defendants' sales of their
Infringing Products into this District.

36.     Defendants' Infringing Products are delivered in substandard
packaging and constructed from inferior materials. *See* **Composite Exhibit E**.
Plaintiff's genuine products, on the other hand, are crafted from premium materials
and presented in distinctive, high-quality packaging, including a custom-cut box, a
cotton-blend dust bag, and a personalized note. *See, e.g.*,
https://pinkpalmpuff.com/blogs/news.

37.     Defendants falsely advertise and offer their Infringing Products as
genuine Pink Palm Puff products in a manner calculated to mislead consumers.

38.     Defendants' and their co-conspirators acts as detailed herein are
deliberately calculated to confuse and deceive the public and are performed with
full knowledge of Plaintiff's rights.  Said acts constitute willful and deliberate
infringement of Plaintiff's Marks and Copyrighted Works.

39.     Upon information and belief, Defendants' counterfeit products were
first advertised for sale after Plaintiff obtained Certificates of Registrations in
the Copyrighted Works.

40.    Defendants and their co-conspirators are not now, nor have they ever been, associated, affiliated, or connected with, or licensed, endorsed or sanctioned by Plaintiff.

41.    Because Defendants work with counterfeiters located throughout the United States and around the world, and their illicit transactions are often concealed, discovery, including third-party depositions and other discovery, will be necessary to identify all of Defendants' co-conspirators and determine the extent of their activity, and to quantify the totality of the harm they caused to Plaintiff, its customers, and United States consumers.

42.    Defendants' co-conspirators include, but are not limited to, Gofo Inc. and the various shipping and manufacturing companies Defendants' utilize to create and ship their Infringing Products. Third-party subpoenas and depositions will be necessary to identify their names, contact information, and totality of the harm they have caused to Plaintiff, its customers, and United States consumers.

43.    On December 9, 2023, Plaintiff sent Defendant Rays Apparel d/b/a Shop Celebs a cease and desist letter, which they ignored. On January 19, 2024, Plaintiff sent Defendant Rays Apparel d/b/a Jackets Junction a cease and desist letter, which they ignored.

## COUNT I

## COPYRIGHT INFRINGEMENT

44.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Defendants have willfully, wantonly, and in conscious and intentional disregard of and indifference to the rights of Plaintiff, reproduced and displayed in the United States, caused to be reproduced and displayed in the United States, and aided, abetted, contributed to, and participated in the unauthorized reproduction and display of at least one of the Copyrighted Works of Plaintiff, which Defendants knew or should have reasonably known were protected by copyright.   Defendants' infringement and related violations continue to and through the date of the filing of this Complaint.

46.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff.  Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

47.     Defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

48.    Defendants have willfully engaged in, and are willfully engaged in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff, which is accordingly entitled to the maximum statutory damages allowable pursuant to 17 U.S.C § 504(c).

## COUNT II

## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING

### (15 U.S.C. § 1125(a))

49.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

50.    Defendants have and are engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

51.    Defendants have used and are using at least one of the Marks in relation to their illegal sale of Infringing Products. Accordingly, Defendants have made and are making false representations that the Infringing Products they are selling originate with, are associated with, and/or are endorsed by Plaintiff in such a manner as to create a likelihood of confusion among consumers.

52.    Defendants' acts have damaged, impaired and diluted that part of Plaintiff's goodwill and good name symbolized by the Marks, all to Plaintiff's

immediate and irreparable damage.

53.    Defendants' use of at least one of the Marks in connection with their illegal acts constitutes use of a false designation of origin, and Defendants' representations that their Infringing Products originate with or are endorsed by Plaintiff constitute a use of false descriptions or representations of fact, within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a). Further, Defendants' use of at least one of the Marks constitutes unfair competition entitling Plaintiff to remedies afforded pursuant to Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

54.    Defendants' use of at least one of the Marks in commercial advertising and/or promotion misrepresents the nature, characteristics, and/or qualities of their infringing products.  Such advertising and/or promotion is false and/or misleading and deceives, or has the capacity to deceive, consumers.  The deception and misrepresentations have a material effect on purchasing decisions and affect interstate commerce.

55.    Defendants' activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).

56.    As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be

proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further irreparable damage.

57.     Defendants are engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately, justifying the assessment of exemplary damages and an award of, *inter alia*, Plaintiff's lost profits, Defendants' gross profits, and Plaintiff's attorneys' fees.  Defendants' conduct also warrants a finding that this is an exceptional case.

## COUNT III

### DILUTION

58.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

59.     The Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

60.     The Marks are famous throughout Georgia and the United States.

61.     The Marks became distinctive and famous prior to the Defendants' use of their infringing marks and acts as alleged herein.

62.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Marks.

63.     Defendants' acts as alleged herein have tarnished and will, unless

enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Marks by undermining and damaging the valuable goodwill associated therewith.

64.    Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act.

65.    Plaintiff is without an adequate remedy at law to redress such acts and will be irreparably damaged unless Defendants are preliminarily and, thereafter, permanently enjoined from committing and continuing to commit such acts.

66.    Defendants are engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately, justifying the assessment of exemplary damages and an award of, *inter alia*, Plaintiff's lost profits, Defendants' gross profits, and Plaintiff's attorneys' fees.  Defendants' conduct also warrants a finding that this is an exceptional case.

## **COUNT IV**

### **UNFAIR COMPETITION (STATE)**

67.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

68.    Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against unfair competition found at O.C.G.A. § 23-2-55.

69.    Defendants have used and are using at least one of the Marks in

connection with the above-described scheme in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of their Infringing Products.

70.    The use of at least one of the Marks by the Defendants creates the unreasonable risk that users may falsely conclude that there exists some affiliation, connection, or association between and among Plaintiff, Defendants, and the Infringing Products.

71.    Defendants' acts have damaged, impaired, and diluted that part of Plaintiff's goodwill and good name symbolized by the Marks. The nature, probable tendency, and effect of Defendants' use of these Marks in the manner alleged is to enable Defendants to deceive the public.

72.    Defendants' use of the Marks as alleged constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

73.    Defendants had actual knowledge of Plaintiff's rights at the time they decided to use at least one of the Marks in connection with their illegal passing-off schemes. Thus, Defendants willfully and deliberately infringed Plaintiff's rights.

74.    Defendants' unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as Plaintiff. These practices constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising.

75.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial, in excess of the jurisdictional amount-in-controversy requirements of this Court.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT V

## DECEPTIVE TRADE PRACTICES

76.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

77.     Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against deceptive trade practices found at O.C.G.A. § 10-1-372 *et seq*.

78.     Defendants have used and are using Plaintiff's intellectual property (i.e., Plaintiff's Trademark Rights) in connection with the above-described passing-off schemes in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of their products.  The use of at least one of the Marks by Defendants creates an unreasonable risk that present and potential consumers may falsely conclude that there exists some affiliation, connection, or association between and among Plaintiff, Defendants, and the Infringing Products.

79.     Defendants' acts have damaged, impaired, and diluted that part of

Plaintiff's goodwill symbolized by the Marks. The nature, probable tendency, and effect of Defendants' use of at least one of the Marks in the manner alleged is to enable Defendants to deceive the public.

80.    Defendants' use of at least one of the Marks in the manner alleged herein constitutes deceptive trade practices of a type prohibited by O.C.G.A. § 10-1-372 *et seq.*

81.    Defendants had actual knowledge of Plaintiff's rights at the time they decided to use Plaintiff's intellectual property in connection with their illegal schemes. Thus, Defendants willfully and deliberately infringed Plaintiff's rights.

82.    Defendants' unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as to Plaintiff. These practices constitute unlawful, unfair, fraudulent, and deceptive business practices, and unfair, deceptive, untrue, and misleading advertising.

83.    As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT VI

## MISAPPROPRIATION

84.    Plaintiff repeats and realleges the allegations of paragraphs 1 through

43 of this Complaint as if fully set forth herein.

85.     Defendants have and are engaged in acts of misappropriation in violation of the law of the State of Georgia.

86.     Defendants, through the unauthorized use of the Infringing Products, have misappropriated Plaintiff's Marks and goodwill.  Defendants have converted to their own use and exploited Plaintiff's Marks, thereby reaping for Defendants' benefit the benefits of Plaintiff's trademark rights and goodwill.

87.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT VII

### UNJUST ENRICHMENT

88.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

89.     Defendants have and are engaged in acts of unjust enrichment entitling Plaintiff to quasi-contractual relief under the law of the State of Georgia.

90.     Defendants have derived economic benefit from the illegal sale of their Infringing Products.

91.     Defendants have paid no compensation to Plaintiff for their counterfeit

Infringing Products.

92.     As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT VIII

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

93.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

94.     A business relationship and an expectancy of business relationships exists between Plaintiff and the purchasers and prospective purchasers of its products.

95.     There is a high probability of future economic benefit to Plaintiff as a result of these current and prospective business relationships.

96.     Defendants have knowledge of and have intentionally and unjustifiably interfered with, and/or have knowingly facilitated a conspiracy to interfere with, these current and prospective business relationships between Plaintiff and Plaintiff's legitimate customers and/or prospective customers.

97.     In committing the wrongful acts and offenses described herein, Defendants interfered with these relationships and acted improperly and without

privilege.

98.    In committing the wrongful acts and offenses described herein, Defendants acted purposely and with malice with the intent to injure Plaintiff.

99.    The wrongful acts and offenses described herein resulted in the systematic theft by Defendants of potential customers of Plaintiff, who after deciding to purchase Plaintiff's products, made said purchases from Defendants, who offered the counterfeit Infringing Products at prices below those offered by Plaintiff.

100.   As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT IX

### CONSPIRACY

101.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

102.   The wrongful acts and offenses of Defendants were carried out intentionally and knowingly by Defendants acting in combination with themselves and the co-conspirators identified herein.  Furthermore, as Defendants were and are aware, these acts and offenses were tortious.

103.   Each Defendant knowingly agreed to engage, and did engage, in one or

more overt acts in pursuit of the conspiracy as set forth with more particularity in this Complaint. Defendants carried out these acts as part of a common design.

104. Defendants' acts constitute a civil conspiracy.

105. As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## COUNT X

### ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11

106. Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

107. In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense. As detailed above, Defendants intentionally and in bad faith engaged in illegal counterfeiting with full knowledge of the harm that would result to Plaintiff and its customers.

108. Plaintiff is entitled to recover all expenses and fees arising from the misconduct of Defendants giving rise to the present litigation, including the reasonable attorney fees expended by Plaintiff, pursuant to O.C.G.A. § 13-6-11.

109. Plaintiff is entitled to recover prejudgment interest on its damages

pursuant to O.C.G.A. § 13-6-13.

## COUNT XI

### PUNITIVE DAMAGES PURSUANT TO O.C.GA. § 51-12-5.1

110.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

111.  In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted with willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

112.  Defendants knew that their intentional wrongful acts would cause substantial harm to Plaintiff. Defendants intended the consequences of their actions. The express goal of Defendants' wrongful acts was financial gain for Defendants' benefit and at Plaintiff's expense.

113.  Given the egregious and intentional nature of Defendants' conduct, Plaintiff is entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to punish and penalize these Defendants, to deter these Defendants from similar future misconduct, and to deter other persons and entities similarly situated to Defendants from engaging in future misconduct like that of Defendants.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

**WHEREFORE,** Plaintiff requests that this Court enter the following relief:

(a)      judgment against Defendants and in favor of Plaintiff on all claims;

(b)      finding that Defendants' conduct was willful, intentional, and/or in malicious disregard of Plaintiff's lawfully protected rights;

(c)      awarding Plaintiff its compensatory, consequential, statutory, treble, exemplary, punitive, and special damages including, without limitation, its lost profits, Defendants' profits, cost of corrective advertising, loss of goodwill and damage to its reputation, as well as enhanced, exemplary damages and/or punitive damages, together with pre and post judgment interest, as provided by law;

(d)      awarding Plaintiff its reasonable attorneys' fees and costs associated with this action;

(e)      granting preliminary and, thereafter, permanent injunction that includes, but is not limited to, enjoining Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any e-commerce site utilized by Defendants and any corporation, partnership, proprietorship or entity of any type that is affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors,

associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of the injunction from:

    i.      engaging in or soliciting, directing, requesting, or facilitating others to engage in the conduct described in the Complaint against Plaintiff and its actual and potential customers;

    ii.      holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative, affiliate, contractor or authorized partner of Plaintiff or facilitating or knowingly assisting other persons or entities to do so;

    iii.      acquiring, advertising or reselling any of Plaintiff's products;

    iv.      misappropriating that which rightfully belongs to Plaintiff, its customers, or potential customers;

    v.      using the Marks, Copyrighted Works, or any other copyright, trademark, service mark, trade name and/or trade dress owned or used by Plaintiff or its subsidiaries, parents, and affiliates now or in the future, or that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks and/or Copyrighted Works;

    vi.      engaging in any activity that infringes Plaintiff's rights in or is likely to dilute the distinctiveness of Plaintiff Marks;

vii.      engaging in unfair competition with Plaintiff;

viii.     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

ix.      using, or authorizing any third party to use, including e-commerce sites, in connection with business, goods or services, a false description, representation or designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods, and/or services with Plaintiff, or tends to do so; and

x.      Receiving any compensation, directly or indirectly, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (i) – (ix) above;

(f)     requiring Defendants to remove online offers or and deliver to Plaintiff all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing any of Plaintiff's Marks, Copyrighted Work, or any reproduction, counterfeit, copy, or colorable imitation

thereof, and all plates, molds, matrices, and other means of making the same;

(g)    requiring Defendants, their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants to engage in corrective advertising, as necessary;

(h)    requiring e-commerce sites to remove Defendants' and their co-conspirators references to Plaintiff and/or any of Plaintiff's Marks and/or Copyrighted Works;

(i)    requiring Defendants to deliver to Plaintiff their entire inventory of Infringing Products and any other products bearing or infringing the Marks or Copyrighted Works or a confusingly similar copy thereof;

(j)    finding that this is an exceptional case under the Lanham Act;

(k)    an order awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and any other applicable provision of law; and

(l)    granting such further relief as this Court deems just and proper.

Respectfully submitted this 1st day of December, 2025.

/s/ Gail Podolsky
Gail Podolsky
Georgia Bar No. 142021
Podolsky Law LLC
1100 Peachtree Street, Suite 900
Atlanta, Georgia 30309
Phone: (404) 282-7776
Email: gail@podolsky-law.com

Counsel for Plaintiff